ROBERT M. LAUGHLIN, ESQ. Village Attorney, Westfield
This is in response to your recent inquiry concerning the authority of the Village of Westfield to enact a local law providing an exemption from village taxes and special ad valorem taxes for business facilities certified by the New York State Job Incentive Board.
A municipality cannot adopt a local law which is inconsistent with any general law (New York Constitution, Art. IX, § 2[c]; Municipal Home Rule Law, § 10[1]). Section 300 of the Real Property Tax Law, a general law, provides that all real property within the State shall be subject to real property taxation and special ad valorem levies unless exempt therefrom by law. Thus, unless authorized by State statute, a municipality has no power to adopt a local law in regard to real property tax exemptions (see London v. Wagner, 22 Misc.2d 360, affd. 13 A.D.2d 479, affd. 11 N.Y.2d 762).
Section 485 of the Real Property Tax Law authorizes certain municipalities to adopt and amend local laws providing for an exemption from taxation and special ad valorem levies of eligible business facilities as defined in section 115 of the Commerce Law. The authorization contained in said section 485 with respect to villages applies only to villages located in a rural county as defined in section 115 of the Commerce Law. Subdivision (f) of section 115 of said law contains the definition of rural county and you have indicated in your letter that Chautauqua County does not fall within that definition. You have also indicated that Chautauqua County could meet the statistical criteria set forth in paragraph (ii) of subdivision (c) of section 115 of the Commerce Law. Those criteria, however, are applicable only in determining whether a rural county is an eligible area as used in Article 4-A of the Cmmerce Law. Since Chautauqua County is not a rural county as defined in subdivision (f) of section 115 of the Commerce Law, the criteria set forth in paragraph (ii) of subdivision (c) of said section are not applicable. There is, therefore, no statutory authority for the Village of Westfield to adopt a local law providing an exemption from village taxes and special ad valorem taxes for business facilities certified by the New York State Job Incentive Board, and in the absence of such authority we conclude that the Village of Westfield may not adopt such a local law.
For your information we have enclosed a copy of legislation presently pending before the New York State Legislature which would authorize municipalities to provide limited exemptions to certain business facilities.